IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 07-163 |
| | ) |
| MARLIN KIMBREW, et al., | ) |
| | ) |
| Defendants. | ) |

O R D E R

AND NOW, this 8th day of November, 2007, upon consideration of Defendant Marlin Kimbrew's "Motion to Permit Witnesses to Produce Designated Items Prior to Hearing" (Document No. 85), "Motion for Early Disclosure of All Jencks Act Material" (Document No. 90), "Motion Requesting Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence" (Document No. 91), "Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses" (Document No. 92), and "Motion for Discovery" (Document No. 93) and brief in support thereof, all filed in the above-captioned matter on October 26, 2007, and upon further consideration of the Government's Response thereto,

IT IS HEREBY ORDERED as follows:

Defendant's Motion to Permit Witnesses to Produce Designated Items Prior to Hearing is DENIED. While Federal Rule of Criminal Procedure 17(c)(1) provides that the Court may direct witnesses subpoenaed to testify to produce items designated by

1

subpoena in court before trial or before they are to be offered in evidence, and to permit the parties and their attorneys to inspect all or part of them, Defendant's instant request is overly broad. In order for the Court to order materials to be produced prior to the hearing, Defendant must, inter alia, identify with specificity the witnesses from whom materials have been requested and what that material is. See generally United States v. Nixon, 418 U.S. 683, 699-700 (1974). It is important to note that "Rule 17(c) was not intended to be a broad discovery device, and only materials that are admissible as evidence are subject to subpoena under the rule." United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998) (internal citations omitted).

Defendant's Motion for Early Disclosure of All Jencks Act Material is DENIED. The Court has no authority to order the disclosure of Jencks Act material until the witness has testified on direct examination. See 18 U.S.C. § 3500; United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978); United States v. D'Elia, 2007 WL 2458487, at *7 (M.D. Pa. Aug. 24, 2007). The Court notes, however, that the Government has agreed to voluntarily supply Defendant with such materials 3 days prior to the commencement of trial.

Defendant's Motion Requesting Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence is DENIED AS MOOT, the Government having indicated that it is not aware of any evidence of other crimes that it intends to use at trial.

2

Defendant's Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses is GRANTED. All such material shall be provided to Defendant by the Government a reasonable time prior to the hearing on pre-trial motions in this case.

Defendant's Motion for Discovery is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that it seeks materials subject to disclosure pursuant to Federal Rule of Criminal Procedure 16. All such material shall be provided to Defendant by the Government a reasonable time prior to the hearing on pre-trial motions in this case to the extent that it has not already been provided. In so ruling, the Court notes that the Government is not required to disclose the statements of non-testifying co-conspirators unless those statements qualify as Brady material. See United States v. Williams-Davis, 90 F.3d 490 (D.C. Cir. 1996); United States v. Orr, 825 F.2d 1537 (11th Cir. 1987). The motion is DENIED AS MOOT as to the requests contained in Section II of the motion, the Government having indicated that it is unaware of any materials responsive to these requests. The motion is DENIED in all other respects.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:    Counsel of record