IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          vs.                     )     Criminal No. 07-163
                                  )     See Civil Action No. 10-749
MARLIN KIMBREW,                   )
                                  )
          Defendant/petitioner.   )

O R D E R

AND NOW, this 13th day of July, 2010, upon consideration of Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, with Attached Supplement/Memorandum of Points and Authorities in Support Thereof" (document No. 162) filed in the above captioned matter on June 1, 2010, and in further consideration of Petitioner's pro se "Supplement/Memorandum in Support" (document No. 163),

IT IS HEREBY ORDERED that said Motion is DISMISSED.

On January 2, 2008, Petitioner pled guilty to Count One of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and to Count Six of the Superseding Indictment, charging him with engaging in a monetary transaction involving proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1957(a). In connection with his plea, he and the Government entered into a plea agreement (document No. 119)

1

which included a provision that Petitioner "further waives the right
to file a motion to vacate sentence, under 28 U.S.C. § 2255,
attacking his conviction or sentence, and the right to file any other
collateral proceeding attacking his conviction or sentence." The
Court accepted Petitioner's plea.

On May 6, 2008, the Court sentenced him to 120 months'
imprisonment at each of Counts One and Six, to be served
concurrently, and 5 years' supervised release. Judgment was entered
on May 7, 2008, and no appeal was filed in this case. The present
motion was not filed until June 1, 2010. In his motion, Petitioner
acknowledges the late filing of the motion, but argues that he did
not know that collateral relief was available to him until sometime
within the past year. He further argues that he did not know, and
"could not reasonably have been expected to know, that prevailing
professional norms required his attorney to perform certain specified
duties," and that his counsel breached those duties, within the time
permitted to file a motion pursuant to 28 U.S.C. § 2255. He claims
that he filed his motion within one year of the date on which the
facts supporting his claim were discovered. He does not address the
issue of his waiver of his right to file a motion pursuant to Section
2255 in his plea agreement.

The Court finds that Petitioner's motion is untimely and
that, in any event, he waived his right to file any such motion.
Section 2255 permits a prisoner sentenced by a federal court to move

the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). Although a prisoner previously was able to file a Section 2255 motion at any time, Petitioner's Section 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"). The AEDPA has imposed stringent requirements for seeking and obtaining collateral relief. Specifically, the AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence.

As noted, final judgment was entered on May 7, 2008, and Petitioner did not appeal his conviction or sentence.[1] The present motion was filed well after one year later, so subsection (1) does not apply. There is no indication in the record that subsections (2) or (3) are applicable. As to subsection (4), Petitioner relies primarily on an argument that he was unaware of his right to file a collateral attack on his sentence and of the fact that his counsel had not performed his duties until some undisclosed time within the past year. He does not indicate when he discovered these "facts" nor how he discovered them. This argument fails for several reasons.

First, a <u>pro se</u> petitioner's lack of legal knowledge is not generally a proper basis for tolling the statute of limitation for Section 2255 motions. <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir. 2004); <u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir. 2004); <u>Donovan v. Maine</u>, 276 F.3d 87, 94 (1st Cir. 2002); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000); <u>United States v. Ishola</u>, 2007 WL 4212112, at *2 (M.D. Pa. Nov. 27, 2007); <u>Guider v. Patrick</u>, 2006 WL 3717795, at *4 (M.D. Pa. Dec. 14, 2006); <u>Blackwell v. Patrick</u>, 2006 WL 3420858, at

---

[1] Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days from May 7, 2008, in which to file a notice of appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999).

4

\*5 (E.D. Pa. Nov. 27, 2006). Although these cases deal with the issue of the equitable tolling of, rather than the accrual of, the limitation period, the same principles would appear to apply in analyzing a claim under subsection (4) of Section 2255(f). Merely not knowing that collateral relief may have been available or what his counsel's obligations to him under the law were do not justify tolling the statute of limitations and, likewise, do not constitute the discovery of new facts.

Regardless, the fact of which Petitioner claims to have been unaware until sometime within the past year, i.e., his counsel's duties in regard to advising him about the application of the safety valve provisions of 18 U.S.C. §§ 3553(f)(1)-(5), could have been discovered through the exercise of due diligence well before his sentencing. The fact that Petitioner was waiving his right to seek the application of the safety valve was contained in his plea agreement, and, in fact, the Court confirmed with Petitioner during the hearing that he was waiving that right. Petitioner cannot claim to have been unaware of the issue at that time. Moreover, the issue of the safety valve, and the reason that Petitioner was waiving his right to seek its application, was also discussed extensively at Petitioner's sentencing hearing. At the very least, due diligence would have required him to ask his counsel questions about this provision if he did not understand it at the time of sentencing, to

the extent he had not done so at his plea hearing.[2]  Furthermore, as the Court stated above, Petitioner fails to identify how, at some later point in time, he became aware of his counsel's duties in regard to the safety valve, and why it was only then that he learned of those duties.  He does not even specify when it was that he allegedly discovered these "new" facts.  As such, Petitioner cannot satisfy any of the criteria under Section 2255(f) and his motion is therefore untimely.

Further, although the one-year limitation period for filing Section 2255 petitions is a statute of limitations, and therefore is subject to equitable tolling, see Holland v. Florida, 2010 WL 2346549 (U.S. June 14, 2010); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), federal courts invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See Holland, 2010 WL 2346549, at *12; Miller, 145 F.3d at 618-19.  Mere excusable neglect is not sufficient to toll the statute of limitations.  See Miller, 145 F.3d at 619.

---

[2]    The Court notes that Petitioner's waiver of his right to seek the safety valve in this case was given, at least in part, in exchange for the Government's agreement not to seek a sentencing enhancement pursuant to USSG § 3B1.1.  Indeed, both Government counsel and Petitioner's counsel confirmed at Petitioner's sentencing hearing that Petitioner's waiver was part of a quid pro quo for the Government not seeking such an enhancement.

As discussed above, Petitioner claims only to have had no understanding of his right to collateral relief or of his counsel's legal duties in regard to his plea and sentence, and this misunderstanding of the law does not justify tolling the limitation period. The issues raised in his motion could have been raised at any time after sentencing. Petitioner's contentions do not present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations. Accordingly, Petitioner's motion is dismissed as untimely.

Regardless, even if Petitioner's motion had been timely filed, the Court would dismiss it because Petitioner has clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief. A criminal defendant's waiver of his right to file a motion under Section 2255 or to otherwise seek collateral relief is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38. In the present case, Petitioner does not allege, much less present evidence suggesting or establishing, that he entered into the waiver contained in the plea agreement unknowingly or involuntarily.

Further, Petitioner does not allege that enforcing the waiver will work a miscarriage of justice.

Moreover, the Court's independent evaluation of the validity of the collateral waiver has not identified any reason why the waiver should not be enforced. Before accepting Petitioner's plea agreement, this Court assured itself that Petitioner had not been threatened to enter into the agreement and that no one had made any promises other than those contained in the plea agreement that induced him to plead guilty. The Government attorney explained in open court that Petitioner was waiving his right to file a motion to vacate sentence under Section 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his sentence or conviction, and Petitioner stated that he had agreed to the terms as stated by the Government attorney. In addition, the Court directly questioned Petitioner as to whether he understood that he had entered into an agreement in which he waived his right to file a motion to vacate his sentence or any other collateral proceeding attacking his conviction or sentence, and he answered in the affirmative. Furthermore, Petitioner signed the plea agreement and acknowledged, both in writing and to the Court verbally, that he had reviewed the plea agreement himself and discussed it with his attorney. Accordingly, nothing in the record demonstrates anything other than a knowing and voluntary waiver.

Likewise, there is nothing in the record that would suggest that enforcement would work a miscarriage of justice. As discussed above, his motion is untimely anyway. Furthermore, as mentioned above, Petitioner's waiver of his right to seek the safety valve in this case was given in exchange for the Government's agreement not to seek a sentencing enhancement pursuant to USSG § 3B1.1. Petitioner, therefore, gained some benefit from his waiver. In any event, this agreement was not binding on the Court, as the Court informed Petitioner at his plea hearing, so the Court could have applied the safety valve regardless of Petitioner's waiver.

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner's motion is untimely, and because he waived his right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                              s/Alan N. Bloch
                              United States District Judge

ecf:    Counsel of record

cc:     Marlin Kimbrew
        #09294-068
        MDC Brooklyn
        P.O. Box 329002
        Brooklyn, NY 11232