IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                                                 )
           v.                         )      Criminal No. 07-163
                                                 )
MARLIN KIMBREW,                  )
                                                 )
          Defendant.               )

**O R D E R**

AND NOW, this 24th day of June, 2015, upon consideration of Defendant Marlin Kimbrew's pro se "Motion for Return of Property(Fed. R. Crim. P. 41(g))" (Doc. No. 194) filed in the above captioned matter on May 13, 2014, and in further consideration of the Government's response thereto (Doc. No. 199) filed on June 6, 2014,

IT IS HEREBY ORDERED that said Motion is DISMISSED WITH PREJUDICE.

**I.**      **Background**

On June 5, 2007, Defendant was indicted on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine from in or around March 2003 to on or about January 25, 2007, in violation of 21 U.S.C. § 846, and five counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1957(a)(1). Defendant pled guilty to these counts on January 2, 2008, and, on May 6, 2008, this Court sentenced him to a term of imprisonment of 120 months at each count, to be served concurrently, to be followed by a term of supervised release of 5 years, and ordered that he forfeit his interest in certain pieces of real property, a 1962 Chevrolet Impala, and $101,000.

1

The money that Defendant seeks to have returned to him, however, an amount of $255,770, was not part of the criminal forfeiture made part of Defendant's judgment in this case. These funds represent the money recovered pursuant to a warranted search of a package that Defendant attempted to send via UPS from the Mail Priority Center at 8775 Norwin Avenue, North Huntingdon, Pennsylvania, on June 15, 2006. On that date, Defendant had attempted to ship a package overnight to J. Jordan in South San Francisco, California. Defendant identified himself as "Joe Smith," the sender. After employees of the Mail Priority Center observed Defendant engage in suspicious activity in relation to the shipment of the package and made a preliminary investigation as to the contents of the package, they contacted the North Huntingdon Police Department. After a narcotics detection dog indicated the presence of controlled substances in the package, officers contacted Drug Enforcement Administration ("DEA") task force officers, who obtained a warrant, searched the package, and retrieved the cash.

After this incident, but prior to Defendant's arrest and indictment in this case, the DEA initiated administrative forfeiture proceedings regarding the $255,770 seized on June 15, 2006 at DEA Case No. CM-06-0058 and Asset Identification No. 06-DEA-469747. (Government's Response in Opposition to Defendant's Motion for Return of Property (Doc. No. 199), Ex. A). As part of these proceedings, the DEA provided notice of the proceedings by various means, including: (1) publishing a notice of the administrative proceedings in the Wall Street Journal on August 7, 14, and 21, 2006; (2) mailing notice of the proceedings on August 2, 2006, by certified mail, return receipt requested, to J. Jordan, the intended recipient of the package, at the address to which Defendant attempted to send the package; (3) mailing notice of the proceedings on August 2, 2006, by certified mail, return receipt requested, to Mail Priority, to the attention of Cathi Robosky; and (4) mailing notice of the proceedings by certified mail, return receipt

requested, to Defendant at his home address after verifying his true identity and current address on September 7, 2006.   The DEA received signed notice of acceptance of delivery to J. Jordan dated August 8, 2006, signed notice of acceptance of delivery to Mail Priority dated August 5, 2006, and signed notice of acceptance of delivery to Defendant dated September 20, 2006. When no properly executed claims were received, the currency was administratively forfeited to the United States on October 20, 2006.  (Id.).

Defendant now seeks the return of this currency.  In so doing, he has filed the present motion pursuant to Federal Rule of Criminal Procedure 41(g).

## II.     Discussion

Although the Government is permitted to seize evidence for use in investigating and litigating criminal matters, the property must be returned once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture.  See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  To seek the return of such property, a defendant may file a motion pursuant to Federal Rule of Criminal Procedure 41(g), which, when filed after the criminal proceedings have concluded, is treated as an equitable civil proceeding.  See United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000).  Ordinarily, where, as here, a Rule 41(g) motion is filed after the conclusion of the criminal proceedings, there is a presumption that the owner of the property has a right to its return, and the burden is on the Government to establish a legitimate reason to retain the property.  See Chambers, 192 F.3d at 377.  However, a Rule 41 motion is properly denied where "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues."  Id.

Here, the Government has established that the money in question was subject to a DEA administrative forfeiture action and ultimately forfeited to the United States.[1]  Accordingly, it has rebutted any presumption that may exist that Defendant is entitled to the return of the seized money.  Moreover, as the Government points out in its response, the Court generally does not have jurisdiction to review an administrative forfeiture action, or to order the return of administratively forfeited property.  See McGlory, 202 F.3d at 670 ("'[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property.'")(citing Linarez v. United States Dep't of Justice, 2 F.3d 208, 212 (7th Cir. 1993)).  The only issue the Court can review is whether the notice provided to Defendant regarding the administrative forfeiture comports with due process.  See id.  As Defendant does not challenge the adequacy of the notice he received, but rather, merely seeks the return of the funds generally, this Court has no jurisdiction to consider his claims.

Regardless, as the Government points out, even if Defendant were raising a due process claim regarding the notice of the administrative forfeiture action, such a claim would fail.  As noted above, notice of the DEA administrative forfeiture as to the $255,770 was provided via publication in a newspaper of general circulation in this district, the Wall Street Journal, for three successive weeks, and via certified mail both to Defendant and to the intended recipient of the package containing the cash, as well as to Mail Priority.  Indeed, the DEA received executed return receipts from both Defendant and the intended recipient indicating that the notice had been

---

[1]     When the value of the seized property is $500,000 or less, the Government may use the administrative forfeiture process governed by the customs laws, a process that does not involve the courts.  See 21 U.S.C. § 881(d); 19 U.S.C. § 1607; United States v. McGlory, 202 F.3d 664, 669 (3d Cir. 2000).

received. [2]  Such notice not only complied with the requirements of 19 U.S.C. § 1607(a), 21 C.F.R. § 1316.75, and 21 U.S.C. § 881, courts have routinely found that such notice comports with due process.  See United States v. Young, 421 Fed. Appx. 229 (3d Cir. 2011); United States v. Bethea, 317 Fed. Appx. 182 (3d Cir. 2009).

## III.  Conclusion

For the foregoing reasons, the Court lacks jurisdiction to review the administrative forfeiture of the $255,770 at issue, and, accordingly, Defendant's motion is dismissed with prejudice.

__ s/Alan N. Bloch_____
Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

cc:    Marlin Kimbrew
       Register No. 09294-068
       RRM Pittsburgh
       1000 Liberty Avenue, Ste. 1315
       Pittsburgh, PA 15222

---

[2]    The Court notes that this notice to Defendant was sent, and received, prior to him going into custody.